BALTIMORE & O. R. CO. et al. v. FREEMAN.

(Circuit Court of Appeals, Sixth Circuit. December 3, 1901.)

No. 964.

1. RECEIVERS—JURISDICTION IN ACTION AGAINST—NECESSITY OF SERVICE OF SUMMONS.

An order made in a railroad foreclosure suit by a federal court which appointed receivers, intended to reserve to that court jurisdiction to determine all claims and demands against such receivers, does not authorize the maintenance in that court of an independent action at law against the receivers without the statutory service of a summons on the defendants, but at most only permits the presenting of claims by intervening petition in the receivership suit.[1]

2. APPEARANCE—OBJECTIONS TO JURISDICTION—EFFECT OF PLEADING OVER.

Under the Ohio practice, after a defendant has done all within his power by way of seasonable objection to the jurisdiction over his person, his subsequent pleading to the merits does not cure an erroneous ruling sustaining the jurisdiction, nor operate as a waiver of his right to object thereto; nor does his filing a petition in error to reverse such ruling amount to a general appearance.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

J. H. Collins, for plaintiffs in error.

James & Beverstock, for defendant in error.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

DAY, Circuit Judge. This case presents the single question as to whether jurisdiction was properly obtained in the circuit court of the receivers of the Baltimore & Ohio Railroad Company, the only defendants to the record against whom judgment was rendered in the action. An attempt was made in the first instance to obtain service on the ticket agent, as required by Ohio Rev. St. § 4988. Upon motion to quash this service, testimony was submitted showing that the person upon whom service had been made was not the agent of the receivers at the time of the service, and the court very properly reached the conclusion that such attempted service was nugatory. The court was of the opinion, however, that an order made in the receivership case, wherein the attempt was made to permit, if not to require, all litigation against the receivers to be conducted in the court of their appointment, gave to the court jurisdiction of the case, notwithstanding the want of service of summons in the manner pointed out in the statute. This order was made in the foreclosure suit, and is as follows:

"In this cause, the decree entered on the second day of March, 1896, confirming and ratifying the appointment of the receivers, John K. Cowen and Oscar G. Murray, is now enlarged and modified as follows: That the authority and jurisdiction of the circuit court of the United States for the district of Maryland, as the court of primary jurisdiction, be and the same is hereby recognized and confirmed, and said court shall exercise jurisdiction in all matters and proceedings, and make all orders, relating to or affecting the general administration of said trust; that this court retains, and will

---

[1] Actions by and against receivers, see note to Plow Works v. Finks, 26 C. C. A. 49.

exercise, jurisdiction in matters of a local nature, and which affect only persons and property in this district, and jurisdiction to settle and determine the claims and demands of the citizens of this district against the receivers, and retains jurisdiction to direct the payment out of the trust fund of the debts and liabilities of the defendant company payable in this district or due to citizens of this district hereinafter enumerated, as may be hereinafter ordered and declared to be preferential, and may also determine, by general or special order, what other debts and demands shall be made preferential; and the orders of this court, in respect to said claims and demands, shall be effectual and bind the property of the defendants' company in this district, and shall be observed and obeyed by said receivers. The court hereby further expressly reserves the right at any time, upon the application of any person interested, or upon its own motion, to make such order and further orders to secure compliance with the terms of this order, and the payment of all claims and demands hereinbefore declared to be preferential, as to the court shall seem meet and proper."

This order was in conformity to the then prevailing practice in the Northern district of Ohio, undertaking to acquire jurisdiction in the United States court appointing the receiver, of claims and demands against him. Under this order an intervening petition might have been filed, setting up a claim in the case against the receivers, upon which no service of summons would be required. The present action is an independent action at law for the alleged negligence of the receivers. There is nothing in the terms of the order referred to undertaking to dispense with the service of the summons in such independent actions as might be prosecuted against the receivers. The most that can be said of it is that it gives to the citizens of the district the opportunity to present their claims in the receivership action. The prosecution of independent suits was not undertaken to be authorized without the statutory service of a summons. When it appeared to the court that the attempted service upon the ticket agent had failed, the motion to quash should have been sustained. After the overruling of the motion the receivers renewed the defense of want of jurisdiction, by answer, and at the trial offered to show the lack of service upon an agent as required by the statute. The trial judge, being of opinion that the ruling upon the motion had foreclosed the question, excluded the testimony.

Under the Ohio practice objection to the jurisdiction for want of proper service may be taken by motion, the appearance being for that purpose only. Greene v. Railroad Co., 62 Ohio St. 67, 56 N. E. 642. After the party has done all within his power to do, by way of seasonable objection to the jurisdiction over his person, subsequent pleading to the merits does not cure an erroneous ruling as to the jurisdiction, nor operate as a waiver of the defendant's right to object thereto. Dunn v. Hazlett, 4 Ohio St. 435; Allen v. Miller, 11 Ohio St. 374; Drea v. Carrington, 32 Ohio St. 595. Filing a petition in error to reverse such erroneous judgment does not effect an appearance. Foster v. Borne, 63 Ohio St. 169, 58 N. E. 66.

As there was no proper service upon the receivers the motion to quash should have been sustained, and there was error in failing so to do. The judgment will be reversed and the case remanded to the circuit court, with instructions to sustain the motion to quash the service upon the receivers.